## Bowdren v. Street Motor Co., Inc.

*Bernard M. Gross,* for plaintiffs.
*Walter Timby,* for defendants.

BULLOCK, *J.,* September 26, 1979—Plaintiffs have requested the production of certain documents and, upon objections by defendants, have moved for sanctions. The documents sought are as follows:

A. The entire claims and investigation file or files, including all insurance policies of defendants (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communication from counsel).

B. All statements of any and all witnesses, including any and all statements of plaintiffs and defendants.

C. All photographs and diagrams taken and/or prepared.

D. Any and all documents containing the names and home and business addresses of all individuals contacted as potential witnesses.

E. Reports of any and all experts who will testify at trial.

Defendants filed objections to all requests. The first two objections are that the requests are lacking in specificity and are excessively broad. We do not agree. Pa.R.C.P. 4003.1 makes discoverable

"any matter, not privileged, which is relevant to the subject matter involved" with very limited exceptions. Defendants are thus obliged to produce all material which they have, the extent of which plaintiffs have no reason to know, which is relevant, excepting only the material specifically excludable by the rules.

Defendants' second objection relates to the reports of proposed expert witnesses. Defendants contend that such reports are discoverable only pursuant to interrogatories under Pa.R.C.P. 4003.5. That rule, however, provides in part as follows: "Discovery of facts known and opinions held by an expert, *otherwise discoverable under the provisions of Rule 4003.1* . . . may be obtained as follows:" (Emphasis supplied.) Thus, under the rules, such reports may be discovered in alternative ways. Obviously, the option is that of the discovering party, in this case plaintiffs. Defendants complain that "the answering party has not been given the option of having the expert prepare a separate report." We do not understand this contention. Whatever expert reports defendants have are separate reports. Plaintiffs under either Pa.R.C.P. 4003.1 or 4003.5, are entitled to any and all such reports.

Finally, defendants object to furnishing any statements of any defendant. Pa.R.C.P. 4003.4 makes discoverable by a party "a copy of a statement . . . made by *that* party or a witness." (Emphasis supplied.) By clear implication, the statements of other parties, as parties, are not discoverable. However, the additional question remains whether the statements of other parties are discoverable if these parties have declared themselves also as witnesses. We believe the answer should be in the affirmative. The clear overall policy of

Pa.R.C.P. 4003 is to obviate trial by surprise and, with very limited exceptions, to require the parties to open their files to each other. Such a policy, in addition to narrowing issues for resolution at trial, also encourages settlements by enabling parties to make the most realistic evaluation of their and their opponents' cases. Obviously, the prior statements of opposing parties can be crucial in this regard. Defendants in their pretrial conference memorandum have included in their list of witnesses "The parties." There are herein three named parties defendant: (1) Street Motor Company, Inc., (2) Barney Kaminsky, I/T/A Consumer Improvement Service, Inc. and (3) Harry L. Jordan. We would note that there should be four defendants, since presumably Barney Kaminsky operates not under a fictitious name, but by way of a corporation, a separate entity.

## ORDER

And now, September 26, 1979, upon consideration of plaintiffs' motion for sanctions, it is hereby ordered and decreed that defendants produce for inspection and photocopying at the office of plaintiffs' counsel within 20 days from the date hereof, the following items:

1. The entire claims and investigation file or files, including all insurance policies of defendants (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communication from counsel).

2. All statements by all parties and all witnesses. In the case of corporate parties, the statements of

all officers or employes of said corporations who will be witnesses at trial.

3. All photographs and diagrams taken and/or prepared.

4. The names and home and business addresses, if any, of all individuals contacted as potential fact witnesses.

5. Reports of any and all expert witnesses who will testify at trial.

If said items are not produced, then defendants shall be precluded from entering a defense to plaintiffs' claim and shall not be permitted to introduce evidence at the time of trial.